# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-91
Lower Tribunal No. F11-14979
_____

**Lazaro Bernabeu,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Law Offices of Charles G. White, P.A., and Charles G. White, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before SCALES, MILLER and LOBREE, JJ.

SCALES, J.

Lazaro Bernabeu appeals a December 17, 2021 order denying his Florida Rule of Criminal Procedure 3.850 postconviction motion alleging that his trial counsel was ineffective for failing to advise him to testify at trial. Because the evidence presented at the evidentiary hearing on Bernabeu's postconviction motion confirms that trial counsel's performance in this case was not deficient and that Bernabeu could not otherwise demonstrate the requisite Strickland[1] prejudice, we affirm.

## I.   RELEVANT FACTS AND PROCEDURAL BACKGROUND

Bernabeu stabbed the mother of his two children to death in front of the children. A grand jury indicted Bernabeu for the first-degree premeditated murder of the mother and two counts of child abuse. At trial, Bernabeu forewent an insanity defense in favor of conceding that he had killed the mother and arguing that the crime was not premeditated but a crime of passion (i.e., second degree murder). Bernabeu did not testify at trial.

A jury convicted Bernabeu of first-degree felony murder.[2] The jury also convicted Bernabeu of two counts of child abuse. The trial court sentenced

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

[2] On the verdict form, the jury answered "yes" to the following question: "Did Defendant carry, use, display or threatened [sic] to use a knife in the course of committing First Degree Murder." The jury, however, did not find Bernabeu guilty of first-degree premeditated murder. Rather, the jury found Bernabeu guilty of first-degree felony murder, checking the boxes on the verdict form

Bernabeu to life in prison for the first-degree murder and to consecutive five-year sentences for child abuse. In an unelaborated opinion, this Court affirmed Bernabeu's convictions and sentences. <u>See</u> <u>Bernabeu v. State</u>, 271 So. 3d 979 (Fla. 3d DCA 2019).

Bernabeu's timely rule 3.850 motion, filed *pro se*, alleged nine, separate grounds of ineffective assistance of trial counsel. Bernabeu's motion alleged his trial counsel failed to: investigate the crime scene (ground 1); investigate and raise an insanity defense at trial (ground 2); investigate and call alleged exculpatory witnesses (ground 3); advise Bernabeu to testify at trial (ground 4); object or seek to excuse a sleeping juror (ground 5); object to comments made by the trial court during *voir dire* (ground 6); object to the translator's failure to translate for Bernabeu during the State's closing rebuttal (ground 7); and object to a jury instruction (ground 8). The motion also asserted cumulative error (ground 9). On the State's concession that grounds 2, 3, 4 and 5 were facially sufficient, the trial court conducted an evidentiary hearing on those grounds only, denying grounds 6, 7, 8 and 9 in

---

asking whether the State had proved beyond a reasonable doubt that "Defendant entered the Main House with the intent to commit an offense" and that "Defendant remained in the Efficiency to commit an offense."

the challenged order.[3] In this appeal, Bernabeu challenges only the trial court's denial of ground 4.

## II.    ANALYSIS[4]

Ground 4 of Bernabeu's rule 3.850 motion alleged that his trial counsel was ineffective for failing to advise him to testify at trial. "When a defendant asserts that his counsel was ineffective for interfering with his right to testify, there are two separate questions for the postconviction court to consider. The first is whether the defendant voluntarily agreed with counsel not to testify in his own defense. If the answer to that question is yes, then the postconviction court must also consider whether counsel's advice to the defendant was deficient 'because no reasonable attorney would have discouraged' the defendant from testifying." Roberts v. State, 307 So. 3d 808, 811 (Fla. 2d DCA 2018) (quoting Lott v. State, 931 So. 2d 807, 819 (Fla. 2006)).

---

[3] The trial court denied ground 1 as facially insufficient, giving Bernabeu leave to amend ground 1. Bernabeu did not so amend. At the start of the November 19, 2021 evidentiary hearing, Bernabeu's appointed conflict counsel withdrew ground 2.

[4] In an appellate court's review of the denial of a claim of ineffective assistance of trial counsel after an evidentiary hearing, the trial court's factual findings are entitled to deference if supported by competent, substantial evidence. See Arbelaez v. State, 898 So. 2d 25, 32 (Fla. 2005). The trial court's legal conclusions are reviewed de novo. Id.

Here, Bernabeu does not dispute that the first inquiry is satisfied. Indeed, the trial court's colloquy of defendant at trial reflects that the court confirmed both that (i) Bernabeu was aware that he had the "absolute right to testify" "even if your lawyers were telling you that you should not testify," and (ii) Bernabeu made the decision not to testify. Therefore, we turn to the second inquiry.

At the evidentiary hearing, Bernabeu's trial counsel testified that she and co-counsel advised Bernabeu not to testify for strategic reasons. In the challenged order, the trial court determined that "trial counsel's advice [not to testify] was a reasonable, tactical decision based on the evidence and [Bernabeu's] statements to his counsel." This finding is supported by competent, substantial evidence and we agree with the trial court that trial counsel's performance was not deficient. See Preston v. State, 970 So. 2d 789, 803 (Fla. 2007) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." (quoting Strickland, 466 U.S. at 689)).

Moreover, even if trial counsel's performance was deficient (it was not), we agree with the trial court that Bernabeu cannot establish Strickland

5

prejudice. Given the trial testimony from the two children who witnessed the murder, Bernabeu's concession at the evidentiary hearing that he stabbed the victim with a knife, the jury acquittal for first-degree premeditated murder, and the jury conviction for first-degree felony murder, there is no reasonable probability that the outcome of the trial would have been different had Bernabeu testified at trial. See Preston, 970 So. 2d at 803 ("In order to establish the prejudice prong under Strickland, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" (quoting Strickland, 466 U.S. at 694)).

Affirmed.